```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 09-23758-CIV-MORENO
                        MAGISTRATE JUDGE P.A. WHITE

DARCUIS PRICE,                :

       Petitioner,            :    REPORT RE DISMISSAL
                                   FOR FAILURE TO OBTAIN
v.                            :    AUTHORIZATION PURSUANT TO
                                   28 U.S.C. §2244(b)(3)
WALTER MCNEIL,                :          (DE#11)

       Respondents.           :
_____
```

The **pro-se** petitioner, Darcuis Price, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking the constitutionality of his conviction entered in Case No. 98-00334 entered in the Circuit Court of the Eleventh Judicial Circuit of Dade County, Florida. This petition is successive. On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

        (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

    (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

    (c) In a habeas corpus proceeding brought in behalf of a person in custody pursuant to the judgment of a State court, a prior judgment of the Supreme Court of the United States on an appeal or review by a writ of certiorari at the instance of the prisoner of the decision of such State court, shall be conclusive as to all issues of fact or law with respect to an asserted denial of a Federal right which constitutes ground for discharge in a habeas corpus proceeding, actually adjudicated by the Supreme Court therein, unless the applicant for the writ of habeas corpus shall plead and the court shall find the existence of a material and controlling fact which did not appear in the record of the proceeding in the Supreme Court and the court shall further find that the applicant for the writ of habeas

> corpus could not have caused such fact to appear in such
> record by the exercise of reasonable diligence.
> (Emphasis added.)

The petitioner filed a prior petition for writ of habeas corpus attacking his state conviction, no. 98-00334. The petition, assigned Case No. 07-21469-Civ-Gold was denied on June 27, 2008. No appeal was taken.

If the petitioner intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The petitioner will be provided with a form to apply for such authorization with this report.

On its face, this successive motion is barred by the one year statute of limitations provided by 28 U.S.C. §2244. Under the circumstances of this case it does not appear that either a direct transfer of the case to the Court of Appeals pursuant to 28 U.S.C. §1631, or a stay of the present case would be appropriate. See generally Guenther v. Holt, 173 F.3d 1328 (11 Cir. 1999).

It is therefore recommended that this case be dismissed.

It is further recommended that all motions, including DE#11, motion to stay rendition, be denied as moot.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 10th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Darcuis Price, <u>Pro Se</u>
    DC #191621
    Mayo Correctional Institution
    Address of record

    Nicholas Merlin, AAG
    Miami Office of Attorney General
    Address of record